IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PEYTON PRATT, | ) |
|     Plaintiff, | ) <br> ) <br> ) No. 3:24-cv-01508 |
| v. | ) Judge Crenshaw <br> ) Magistrate Judge Frensley |
| THE METROPOLITAN GOVERNMENT <br> OF NASHVILLE AND DAVIDSON <br> COUNTY, TENNESSEE, | ) <br> ) <br> ) <br> ) |
|     Defendant. | ) |

**RULE 23 CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release is entered into between Named Plaintiff (defined below), on behalf of himself and on behalf of the individuals he represents pursuant to Rule 23(b)(3) in this case, and Defendant (defined below) to resolve Plaintiffs' claims brought as a Fed. R. Civ. P. 23 class action under Section 1983 ("Class Claims"), seeking just compensation for an alleged unconstitutional exaction from Plaintiffs pursuant to Metro Code of Laws § 15.64.035.

**1. DEFINITIONS**

The terms set forth below will have the following meanings:

1.1 "Action" means the above-captioned class action lawsuit.

1.2 "Administrator" means the Defense Counsel's designated Metro Nashville employee responsible for sending to and receiving from Class Members the forms necessary for disbursement of refunds.

1.3 "Agreement" means this "Rule 23 Class Action Settlement Agreement and Release."

1.4 "Class Counsel" means Wencong Fa and Ben Stormes of the Beacon Center of Tennessee.

1.5 "Class Period" means the period from January 1, 2024, through January 5, 2025.

1.6 "Claim Form" means the form entitled "Settlement Claim Form," which the Parties will propose to the Court for approval along with the motion for preliminary approval of this Settlement.

1.7 The "Class Claims" are those claims set forth in Paragraphs 72 through 97 of the Class Action Complaint (Doc. No. 1).

1.8 "Class Members" means all property owners who paid the stormwater capacity fee under Metro Code of Laws § 15.64.035 from January 1, 2024, to January 5, 2025, who are members of the class certified by the Court for purpose of settlement, and excluding any individuals who exclude themselves from this settlement pursuant to the procedure outlined in Section 7 below. The properties, property owner, and amounts paid are identified in Exhibit 2.

1.9 "Court" means the United States District Court for the Middle District of Tennessee.

1.10 "Defendant" means Metropolitan Government of Nashville and Davidson County, Tennessee.

1.11 "Defense Counsel" means Melissa Roberge and Michael Dohn of the Metro Department of Law ("Metro Nashville").

1.12 "Effective Date" means the later of: (a) thirty-one (31) calendar days after the Final Approval Date or (b) if a timely appeal from the final approval order is filed, the day after the final resolution of the appeal (including any requests for rehearing and/or petitions for writ of certiorari) and/or the expiration of any time period for any further appeal or judicial review, resulting in the final judicial approval of this Settlement.

1.13    "Final Approval Date" means the date on which the Court enters an order granting final approval of the Settlement (the "Final Approval Order" or "Final Approval").

1.14    "Named Plaintiff" means Peyton Pratt.

1.15    "Notice Form" means the document entitled "Rule 23 Class Action Settlement Notice Form," which the Parties will propose to the Court for approval along with the unopposed motion for preliminary approval of this Settlement.

1.16    "Notice Package" means the Claim Form, the Notice Form, a Short Vendor Application, and the self-addressed, stamped envelope.

1.17    "Participating Rule 23 Settlement Class Members" means all Class Members who do not exclude themselves from this Settlement pursuant to Section 7 below and who timely return a Claim Form to Defendant.

1.18    "Parties" means Named Plaintiff and Defendant.

1.19    "Plaintiffs" means Named Plaintiff and the class members he represents pursuant to Fed. R. Civ. P. 23.

1.20    "Preliminary Approval Date" means the date on which the Court enters an order preliminarily approving this Settlement.

1.21    "Released Parties" means Defendant and any of its former and present parents, subsidiaries, affiliates, predecessors, and successors, and each of their former and present owners, shareholders, officers, directors, agents, attorneys, servants, employees, independent contractors, insurers, affiliated entities (including all employee benefit plans and plan administrators), and all other persons acting on their behalf.

1.22    "Rule 23 Payout Amount" means the dollar amount that will be available to pay the claim of each Participating Rule 23 Settlement Class Member who timely submits a Claim Form to Defendant.

1.23    "Settlement" means the terms and conditions described in this Agreement.

1.24 "Short Vendor Application" means the application form to be completed by Class Members to register as vendors with Defendant.

## 2. THE PARTIES' AGREEMENT

2.1 Under the Settlement Agreement, Metro Nashville agrees to make gross aggregate payments under this Settlement not to exceed, under any circumstances, $1,450,250.09 (the "Maximum Settlement Amount"), which represents the $1,445,250.09 collected under Metro Code of Laws § 15.64.035 and the agreed upon attorneys' fee amount of $5,000.

2.2 Metro Nashville agrees to:

    2.2.1 Pay Pratt $6,010.86 as reimbursement for the stormwater capacity fees paid pursuant to the Ordinance.

    2.2.2 Pay Beacon Center of Tennessee $5,000 representing attorney's fees and costs.

    2.2.3 Establish a claims process for all remaining individuals/entities that paid stormwater capacity fees to seek reimbursement of the full amount of said fees.

    2.2.4 Cease collecting stormwater capacity fees.

2.3 In exchange, Pratt and the Settlement Class agree to:

    2.3.1 Resolve, fully, finally, and with prejudice, the claims of the Rule 23 class against Metro Nashville.

    2.3.2 Not to seek interest regarding the amounts paid in stormwater fees.

    2.3.3 Indemnify and hold harmless Metro Nashville for any and all claims, demands, actions, causes of action, and lawsuits resulting in a judgment against Metro Nashville by a third party. The indemnification is limited to (1) claims arising from a payment to a

Class Member under the Settlement Agreement and (2) the amount of the Class Member's settlement payment.

## 3. CONDITION PRECEDENT

3.1 The Settlement and the payments described herein are conditioned upon passage of the Effective Date.

## 4. RELEASE, WAIVER, AND INDEMNIFICATION

4.1 Upon the Effective Date, each and all of the Class Members, on their own behalf and on behalf of their respective agents, employees, successors, heirs, spouses, administrators, executors, partners, assigns, and representatives, shall be deemed to have, and by operation of the Final Approval shall have, fully, finally, and forever released and discharged any and all claims, rights, demands, liabilities, and causes of action against or with respect to Defendant, of every nature and description, whether known or unknown, suspected or unsuspected, contingent or non-contingent, in existence or arising at any time on or prior to the Preliminary Approval Date that were alleged or could have been alleged based on the facts alleged in the Action. The claims being released include all such statutory, constitutional, contractual, or common law claims for damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief, or other relief under any state or local statute, regulation, or common law theory (including without limitation takings claims and unjust enrichment) relating to the payment of the fee imposed under Metro Code of Laws § 15.64.035. The foregoing released and waived claims include, without limitation, any and all such claims that the Class Members do not know of or suspect to exist in their favor at the time of the Preliminary Approval Date, which, if known by them, might have affected their settlement with, and release of, Defendant, or might have affected their decision not to object to or exclude themselves from this Settlement.

4.2 Additionally, the Parties agree never to file, institute, direct, or maintain against any of the other Parties (or their respective Releasees as provided herein) any suit, charge, claim, proceeding, or action in or before any court, administrative agency, arbitral panel, or other body or tribunal asserting, directly or indirectly, any claim that is released and compromised by this Agreement. This Agreement is the exclusive remedy for all Class Members for any and all released claims, and the Parties agree to request that all Class Members and persons acting on their behalf, or in concert with them, be permanently barred and enjoined from (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the released claims; (b) bringing a class action on behalf of Plaintiffs or Class Members, seeking to certify a class that includes Plaintiffs or Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the released claims.

4.3 Each Class Member hereby agrees to indemnify, and hold harmless the Defendant from and against any and all claims, demands, actions, causes of action, and lawsuits resulting in a judgment against Defendant, brought, asserted, or demanded by any contractor, subcontractor, vendor, service provider, or other third party that paid the fee imposed by Metro Code of Laws § 15.64.035 on behalf of any Class Member (collectively, "Contractor Claims"), where such Contractor Claims: (a) arise from any payment made to a Class Member under this Settlement Agreement; and (b) seek compensation, reimbursement, or any portion of the settlement proceeds received by a Class Member pursuant to this Settlement Agreement. This indemnification obligation is limited to any such Contractor Claims and to paying any judgment or award, of such Contractor Claims. Each Class Member's indemnification obligation shall be limited to Contractor Claims related to that

specific Class Member's settlement payment and shall not exceed the settlement payment amount. Nor shall it extend to Contractor Claims related to other Class Members. Upon receipt of notice of any Contractor Claim covered by this provision, the Defendant shall promptly notify the applicable Class Member in writing. The Class Member and Defendant shall defend against any such Contractor Claim at their own expense. No settlement of any such Contractor Claim shall be made without the prior written consent of both the Defendant and the applicable Class Member, which consent shall not be unreasonably withheld, conditioned, or delayed.

4.4 Enforcement of Release: Notwithstanding any other provision of this Agreement, nothing in this Agreement will prevent settling Defendant from pleading this Settlement Agreement as a full and complete defense to any action, suit, or other proceeding that has been or may be instituted, prosecuted, or attempted with respect to any of the claims that were filed or could have been filed in the lawsuit.

**5. NOTICE**

5.1 Class Counsel is not aware of any individuals who excluded themselves from the certified class during the ordinary course of this litigation prior to the execution of this Agreement.

5.2 No later than twenty-eight (28) calendar days after the Preliminary Approval Date, Defense Counsel's designated Administrator will mail to each Class member at their address identified in Exhibit 2 via First-Class U.S. Mail a package containing the Notice Form, Claim Form, a Short Vendor Application, and a self-addressed/postage-paid envelope that the Class Member may use to return his/her completed Claim Form and Short Vendor Application to Defendant (the "Notice Package"). If the Postal Service returns any Notice Package to the Administrator with a forwarding address, the Administrator will promptly re-mail the Notice Package to the forwarding address. The foregoing process for the initial

mailing of Notice Packages is referred to herein as the "Initial Mailing." In addition to this mailing process, Class Counsel may communicate – either in writing or by other means – with the Class Members about the settlement and what actions they must take to obtain any settlement proceeds. Also, Metro Nashville will post on its website instructions for contacting the Administrator and provide Class Members with a way to submit his or her Claim Form and Short Vendor Application to Defendant electronically. If any Class Member provides a separate address to the Administrator, the Administrator shall mail the package to the Class Member at that address.

**6. OBJECTIONS**

6.1 Class Members desiring to object to the Settlement must do so in writing in the manner described in the Notice Form. All objections must be postmarked on or before twenty-one (21) days prior to the final approval hearing. Class Counsel must file all written objections with the Court no later than seven (7) calendar days before the date of the final approval hearing.

**7. EXCLUSION FROM SETTLEMENT**

7.1 Class Members desiring to exclude themselves from the Settlement must do so in writing in the manner described in the Notice Form. All exclusion requests must be postmarked on or before twenty-one (21) days prior to the final approval hearing. Class Counsel will file all exclusion requests with the Court no later than ten (10) calendar days before the final approval hearing, as well as a summary sheet outlining the number of Class Members who requested exclusion. Class Members who submit timely exclusion requests are not subject to or bound by this Settlement.

7.2 Defendant may, at its discretion, terminate the Agreement if thirty (30) or more of the Class Members exclude themselves from the Settlement. Defendant must exercise its right to withdraw by providing written notice to Class Counsel within five (5)

days of receiving the summary sheet referenced in Paragraph 7.1 above. Should Defendant exercise this option, Defendant shall also file a notice of its election to withdraw from this Rule 23 Settlement Agreement and an unopposed motion for the Court to set a hearing to address how this case will proceed.

8. **PROCESS FOR DETERMINING SETTLEMENT AMOUNTS AND ISSUING SETTLEMENT CHECKS TO PARTICIPATING RULE 23 SETTLEMENT CLASS MEMBERS**

8.1     As part of the preliminary approval motion for approval of this Settlement, the Parties are filing Exhibit 2, which will provide the Court with the allocation of all payments to be made pursuant to this Agreement assuming 100% participation by Class Members and assuming Court approval of the Settlement. All Claim Forms must be returned by Rule 23 Participating Settlement Class Members within fourteen (14) days following the Final Approval Date. If a Class Member does not submit Claim Forms to claim their settlement proceeds, then Metro Nashville shall have no further obligation to that Class Member to refund the amount paid under Metro Code of Laws § 15.64.035.

9. **UN-NEGOTIATED SETTLEMENT CHECKS**

9.1     Metro Nashville will deliver payment directly to Class Members who submit a Claim Form. If any settlement check or replacement settlement check remains un-negotiated 154 calendar days after the Effective Date, the Settlement Administrator will stop payment on the check. Any Participating Rule 23 Settlement Class Member whose checks remain un-negotiated or undeliverable as of the end of such 154 calendar-day period (collectively, "Un-negotiated and Undelivered Payments"): (i) shall be deemed to have irrevocably released and waived their rights to any Rule 23 Payout Amount or Service Payment (or any other share of the Net Settlement Amount); but (ii) shall be and remain bound by this Agreement and any orders entered by the Court if the Settlement is approved by the Court and the Effective Date occurs (including without limitation the Final Approval Order). Unless a Class Member

contacts Metro Nashville regarding payment before the expiration of the 154-day period, Un-negotiated and Undelivered Payments will be canceled, and Metro Nashville shall have no further obligation to refund the amount paid under Metro Code of Laws § 15.64.035. If a Class Member contacts Metro regarding payment before the expiration of the 154-day period, then that Class Member and Metro Nashville shall work in good faith to process payment as promptly as possible. Payment shall not be required if a check has already been paid.

### 10. PRELIMINARY APPROVAL MOTION

10.1 Within sixty (60) calendar days after the approval of this Settlement by the Metro Council, the Parties shall jointly file a motion asking the Court to enter an order preliminarily approving the Settlement, to authorize distribution of the Notice Package to all Class Members, and to schedule a final approval hearing to take place at least ninety (90) calendar days after the Preliminary Approval Date.

### 11. FINAL APPROVAL MOTION

11.1 At least seven (7) calendar days prior to the final approval hearing, Class Counsel will file an unopposed motion asking the Court to enter an order granting final approval to the Settlement, dismissing the Action with prejudice, and retaining jurisdiction over the Action for the sole purpose of enforcing the Settlement.

### 12. TAX TREATMENT

12.1 Plaintiffs acknowledge that no oral or written representation of fact or opinion has been made to them by Defendant or its attorneys regarding the tax treatment or consequences of any payment made under this Agreement.

12.2 It is expressly understood that to the extent any liability or responsibility exists for Plaintiffs' federal, state, and local income or other taxes for any and all payments to them individually, such liability or responsibility rests solely with them individually. It is also expressly understood that to the extent any liability or responsibility exists for Class

Counsel's federal, state, and local income or other taxes resulting from payment of Class Counsel's attorney's fees and payment of expenses, such liability or responsibility rests solely with Class Counsel.

**13. NO REPRESENTATIONS**

13.1 This Agreement controls over any prior communications regarding the subject matter of the Settlement, and, in entering into this Agreement, no Party has relied upon any representations not explicitly contained herein.

**14. CONSENT**

14.1 This Agreement has been carefully read by all Parties, and its contents are known and understood by all Parties. The Parties have each received independent legal advice from attorneys of their choice with respect to the subject matter of this Settlement and Agreement. Each of the Parties entering into this Agreement does so freely and voluntarily, wholly upon their own judgment, belief and knowledge. Except as expressly set forth herein, the Parties do not rely and have not relied upon any warranty, inducement, or promise by any other party hereto, or any of such other party's agents, directors, officers, employees, representatives, or attorneys, with respect to the subject matter, basis, or effect of this Agreement.

**15. SUCCESSORS**

15.1 This Agreement will inure to the benefit of and be binding upon the Parties' heirs and successors.

**16. NO ADMISSIONS**

16.1 This Agreement is the result of a compromise between the Parties, and nothing herein constitutes an admission or suggestion of liability by any Party with regard to the subject matter of the Action. Consideration is being paid under this Agreement solely in

order to compromise disputed claims so that the parties may forever avoid the expense, uncertainty, and hazard of litigation.

## 17. COURT APPROVAL NOT OBTAINED

17.1 If the Court does not approve this Settlement, nothing in this Agreement will be deemed to waive Plaintiff's claims or Defendant's objections and defenses to Plaintiff's claims asserted in the Action, the damages sought in the Action, or the right to appeal any prior Court rulings, nor shall anything in this Agreement be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

## 18. DUTY OF GOOD FAITH AND WAIVER

18.1 Named Plaintiff, Class Counsel, Defendant, and Defense Counsel agree to abide by the Agreement in good faith. No provision of, or breach or default under, this Agreement shall be deemed waived, in whole or in part, by the course of conduct of any Party, and the failure of any Party to insist upon strict adherence to any term of this Agreement shall not constitute a waiver of any right arising hereunder or deprive such party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

## 19. WARRANTY OF AUTHORITY

19.1 Each signatory to this Agreement warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party for whom he/she purports to represent.

## 20. EVIDENTIARY PRIVILEGE

20.1 This Agreement will be deemed to fall within the protection afforded compromises and offers to compromise by Federal Rule of Evidence 408.

## 21. APPLICABLE LAW

21.1 This Agreement will be governed by and construed pursuant to the laws of Tennessee.

**22.  DUTY OF GOOD FAITH PERFORMANCE**

22.1 The Parties and their counsel agree not to take any actions that would interfere with the performance of this Agreement.

**23.  ATTORNEY'S FEES**

23.1 If a court determines that one party acted in bad faith or unreasonably prolonged the resolution of a dispute arising out of this Agreement, including disputes arising out of Contractor Claims referenced in Section 4.3, that party shall be liable for reasonable attorney's fees and costs to the prevailing party in an action to enforcement the terms of this Agreement in addition to any other relief to which the prevailing party may be entitled.

**24.  WRITTEN MODIFICATIONS**

24.1 This Agreement may not be modified in whole or in part except by a written agreement signed by all Parties and approved by the Court.

**25.  EXECUTION**

25.1 This Agreement may be executed in counterparts that, taken together, will constitute one and the same instrument.

**26.  ENTIRE AGREEMENT**

26.1 This Agreement embodies the entire agreement and understanding of the Parties with respect of the Settlement of the Action.

[SIGNATURES ON FOLLOWING PAGE]

**IN WITNESS WHEREOF**, and intending to be legally bound thereby, the Parties hereby execute this Agreement on the dates indicated below:

FOR PLAINTIFF AND THE CLASS:

*Peyton Pratt*            05/30/2025
_____     _____
Peyton Pratt                       Date
Plaintiff Class Representative

*Wencong Fa*            06/02/2025
_____     _____
Class Counsel                       Date
Wencong Fa
Beacon Center of Tennessee

FOR DEFENDANT METROPOLITAN GOVERNMENT:

*Melissa Roberge*          06/03/2025
_____     _____
Melissa Roberge                  Date
Senior Counsel