UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **PEYTON PRATT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:24-cv-01508 |
| | ) |
| **METROPOLITAN GOVERNMENT** | ) |
| **OF NASHVILLE AND DAVIDSON** | ) |
| **COUNTY,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

Peyton Pratt sued the Metropolitan Government of Nashville and Davidson County, Tennessee alleging claims of unlawful exaction in violation of the Fifth Amendment to the United States Constitution and sought to certify a class. The Parties have filed a Joint Motion for preliminary certification and settlement approval. (Doc. No. 15.) Based upon the entire record and the Court's review of the Joint Motion and its exhibits, including the Rule 23 Class Action Settlement Agreement and Release ("Settlement Agreement," Doc. No. 15-3), and the revised Settlement Notice (Doc. No. 19-1), the Court rules as follows:

1. The Court preliminarily approves the Settlement Agreement as being a fair, reasonable, and adequate resolution of a bona fide dispute, subject to the right of Class Members to challenge the fairness, reasonableness, or adequacy of the Settlement Agreement and to show cause, if any exists, why a final judgment dismissing this case and all released claims and awarding attorneys' fees and costs to Class Counsel, should not be entered following a Final Approval Hearing.

2. "Class Members" are defined as:

All property owners who paid the stormwater capacity fee under Metro Code of Laws § 15.64.035 from January 1, 2024, to January 5, 2025.

The Class Members shall be bound by the Settlement Agreement, pursuant to Federal Rule of Civil Procedure 23(b)(3), except for those who exclude themselves from this settlement under the procedure outlined in Section 7 of the Settlement Agreement.

3. The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been preliminarily satisfied, for settlement purposes only, in that:

    a. The potential Settlement Class is estimated to contain 361 Class Members;

    b. The claims of the Class Representative are typical of those of the other Class Members;

    c. There are questions of fact and law that are common to all Class Members; and

    d. The Class Representative will fairly and adequately protect the interests of the Settlement Class and has retained Class Counsel experienced in class action litigation who have and will continue to adequately represent the Settlement Class.

4. Accordingly, the Court hereby preliminarily certifies the Settlement Class. The Court appoints Peyton Pratt as the Class Representative for the Settlement Class, and Wencong Fa and Ben F. Stormes III of the Beacon Center of Tennessee as counsel for the Settlement Class ("Class Counsel").

5. The Court approves the substance, form, and manner of the Class Action Settlement Notice (Doc. No. 15-5) and Claim Form (Doc. No. 15-4) and finds that the

2

Case 3:24-cv-01508   Document 20   Filed 07/18/25   Page 2 of 5 PageID #: 134

distribution of the Notice and Claim Form: (1) meets the requirements of federal law and due process, (2) is the best notice practicable under the circumstances, and (3) shall constitute due and sufficient notice to all individuals/entities entitled thereto.

6. No later than twenty-eight (28) calendar days after the entry of this Order, Defense Counsel's designated Administrator shall mail to each Class Member, via First- Class U.S. Mail to the address identified on the Stormwater Capacity Fee Payments list (Doc. No. 15-2), a package containing the Notice Form, the Claim Form, a Short Vendor Application, and a self-addressed/postage-paid envelope that the Class Member may use to return his/her completed Claim Form and Short Vendor Application to the Administrator (the "Notice Package"). If the Postal Service returns any Notice Package to the Administrator with a forwarding address, the Administrator will promptly re-mail the Notice Package to the forwarding address. The foregoing process for the initial mailing of Notice Packages is referred to as the "Initial Mailing." In addition to this mailing process, Class Counsel may communicate – either in writing or by other means – with Class Members about the settlement and what actions they must take to obtain any settlement proceeds. Also, Defendant will post on its website instructions for contacting the Administrator and provide Class Members with a way to submit their Claim Forms and Short Vendor Applications to Defendant electronically. If any Class Member provides a separate address to the Administrator, the Administrator shall mail the package to the Class Member at that address.

7. Class Members are required to sign and return a Claim Form and Short Vendor Application, as stated in the Settlement Agreement, to receive their Rule 23 settlement proceeds. Any Class Member who fails to do so, except for those who timely and validly opt out of the Settlement (as described below), will not receive any settlement proceeds, but will

3

Case 3:24-cv-01508   Document 20   Filed 07/18/25   Page 3 of 5 PageID #: 135

remain bound by the Settlement and the applicable releases described in the Settlement Agreement (once finally approved and effective).

8. Class Members shall be bound by any judgments concerning the asserted claims in this case unless they exclude themselves from the Settlement in accordance with the terms of the Settlement Agreement. A Class Member wishing to request exclusion shall do so as set forth in the Notice and the Settlement Agreement, by mailing a written request to Class Counsel postmarked on or before twenty-one (21) calendar days before the Final Approval Hearing. Class Counsel shall file these written exclusion requests, if any, no later than ten (10) calendar days before the Final Approval Hearing.

9. The Court will consider Class Member objections to the Settlement Agreement. Written objections must be submitted in a timely and valid manner as set forth in the Notice and the Settlement Agreement. Objectors shall mail written objections to Class Counsel postmarked twenty-one (21) calendar days before the Final Approval Hearing. Class Counsel shall then file the written objections, if any, no later than seven (7) calendar days before the Final Approval Hearing. Alternatively, objectors may appear at the Final Approval Hearing as set forth in the Notice.

10. Based on the deadlines set forth in the Settlement Agreement, a Final Fairness Hearing shall be held at 1:00 p.m. on **October 30, 2025**, at the United States District Court for the Middle District of Tennessee, Fred D. Thompson U.S. Courthouse and Federal Building, Courtroom 5D, 719 Church Street, Nashville, TN 37203, before the Honorable Waverly D. Crenshaw, Jr., to determine whether the proposed settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be finally approved by the Court under Rule 23(e) of the Federal Rules of Civil

Procedure and whether this action should be dismissed under the Settlement.

11. Class Counsel shall file a motion seeking final approval of the Settlement Agreement no later than seven (7) calendar days before the Final Approval Hearing.

12. Any un-negotiated settlement checks will be handled as set forth in Section 9 of the Settlement Agreement.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
United States District Judge